LUIS DÍAZ LLENZA, Plaintiff and Appellee, v. HAMBURGER BROTHERS & Co., Defendant and Appellant.

No. 5682. Argued May 26, 1932.—Decided April 19, 1933.

F. Soto Gras and R. Díaz Collazo for appellant. Angel M. Villamil for appellee.

Mr. Justice Wolf delivered the opinion of the Court.

It sufficiently appears in this appeal that by reason of an agricultural contract the plaintiff was obliged to deliver to the defendant a certain amount of tobacco. The plaintiff originally owed the defendant for money advanced. Under the contract the plaintiff was not bound to sell the tobacco to the defendant, but after delivery if he did not sell to said defendant but to another, he was, in addition to the amount of the money advanced, to be subjected to the payment of other charges. The tobacco was deposited in Vega Baja under the terms of the contract, but apparently without notice to plaintiff, removed to Caguas.

There was evidence tending to show and the court so believed that the plaintiff made various attempts to obtain a liquidation of his account. The parties could not agree on a price for the tobacco and the defendant also insisted that plaintiff pay for storage. The plaintiff, as the evidence tended to show, tried to have the tobacco returned to him, because of a failure to make a liquidation. It is clear from the contract that defendant had no right thereunder to make a storage charge, nor do we know of any custom in this regard. The defendant in fact retained the tobacco.

The court held that defendant only had a right to retain the tobacco until a liquidation was made. The general conclusion of the court was that the plaintiff was entitled to damages for the retention in the sum of $572.60, the price he could, according to him, have obtained therefor. Also that plaintiff was entitled to $15 apiece for each of the six automobile trips he had to make from Vega Baja to Caguas attempting to obtain a liquidation.

On appeal in answer to the first assignment of error we may say that a claim for damages too remote, does not make a complaint bad. Perhaps the remote damages might have been stricken, but any supposed error is harmless.

The rest of the assignment of errors largely go to the weight of the evidence. While the witnesses of the defend-

ant denied the efforts of the plaintiff to obtain a liquidation and testified that defendant itself tried fruitlessly to obtain one, yet the court was entitled to believe the sole testimony of the plaintiff and our reading of the record causes us no doubt.

There is of course the possibility that the court erred in accepting the estimate of the value of the tobacco from the sole testimony of the plaintiff, but we can not find that the court arrived at its finding erroneously.

We have had some doubt about the right of the plaintiff to recover for the automobile trips, but on the whole we decide that it was a legitimate expense.

As a matter of law we agree with the court that as the defendant retained the tobacco for a charge or charges not justified by the contract, the plaintiff was entitled to damages.

On one matter we have had a doubt. The appellant in its brief says that the plaintiff owed the money advanced for refaction. At the trial, however, it transpired that the defendant filed an independent suit to recover the said amount and attached property of Díaz, the plaintiff here. The latter on the stand said that he had been willing that defendant recover. We find nothing in the record to show that the defendant was not protected by his independent suit and as the controversy in this case was over the value of the tobacco and the right of the plaintiff to obtain damages, we have no reason for disturbing the judgment. In other words the trial court theory did not turn upon the amount so advanced.

The judgment will be affirmed.